UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 13-20218-CR-MOORE(s)
18 U.S.C. § 1951(a)
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1028A(a)(l)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 1029(c)(1)(C)

FILED by _____ IB D.C.

JUN 11 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

UNITED STATES OF AMERICA

vs.

VITAL FREDERICK,

    Defendant.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant Vital Frederick ("FREDERICK") was employed by the City of Miami Police Department ("MPD") as a uniformed patrol officer.

2. As a MPD officer, FREDERICK was not allowed to receive payments from individuals in connection with the performance or non-performance of his official duties, was sworn to uphold the laws of the State of Florida and the United States, and was not permitted to allow, facilitate, or assist individuals or organizations in breaking those laws or otherwise engaging in criminal activity.

## COUNTS 1 - 4

The General Allegations set forth in Paragraphs 1 and 2 are re-alleged and incorporated as through fully set forth herein.

On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, the defendant,

**VITAL FREDERICK,**

did knowingly and unlawfully attempt to obstruct, delay and affect commerce, as defined in Title 18, United States Code, Section 1951, by extortion, that is, by obtaining the property from another, with his consent, under color of official right, to wit: the defendant protected and facilitated purported illegal activity, that is, the cashing of fraudulent checks, in exchange for the receipt of a cash payment.

| Count | Date |
|---|---|
| 1 | August 7, 2012 |
| 2 | August 8, 2012 |
| 3 | August 9, 2012 |
| 4 | September 7, 2012 |

In violation of Title 18, United States Code, Section 1951(a).

## COUNT 5

On or about October 15, 2012, in Miami-Dade County, in the Southern District of Florida, the defendant,

**VITAL FREDERICK,**

did knowingly, and with intent to defraud, possess fifteen (15) or more unauthorized access devices, that is, social security numbers of other persons with corresponding names and dates of birth, such conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

2

## COUNTS 6-7

On or about October 15, 2012, in Miami-Dade County, in the Southern District of Florida, the defendant,

**VITAL FREDERICK,**

during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(3), that is, did knowingly, and with intent to defraud, possessing fifteen (15) or more unauthorized access devices, that is, social security numbers of other persons with corresponding names and dates of birth, said conduct affecting interstate and foreign commerce, as charged in Count 5, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, names, social security numbers and dates of birth of other persons, as specified below.

| Count | Name | Number on Social Security Card |
|---|---|---|
| 6 | K.O. | XXX-XX-4959 |
| 7 | A.A.E. | XXX-XX-8415 |

In violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATIONS

1.  The allegations in Counts 1 through 5 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **VITAL FREDERICK,** has interest.

2.  Upon conviction of any of the offenses charged in Counts 1 through 4 of this Indictment, the defendant, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3

3. Upon conviction of any of the offense charged in Count 5 of this Indictment, the defendant, shall forfeit to the United States any property constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as the result of such violation, and any personal property that the defendant used or intended to be used to commit the offense, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), Title 18, United States Code, Sections 982(a)(2)(B), 1029(c)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

FOREP___

_____, chief, C— Div
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ROBIN W. WAUGH
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| VITAL FREDERICK, | |
| Defendant. _____/ | Superseding Case Information: |

**Court Division**: (Select One)

- X Miami ___ Key West
- ___ FTL ___ WPB ___ FTP

New Defendant(s)     Yes ___  No X
Number of New Defendants    0
Total number of counts    7

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  No
   List language and/or dialect

4. This case will take  4-5  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I | 0 to 5 days | X |
   | II | 6 to 10 days | |
   | III | 11 to 20 days | |
   | IV | 21 to 60 days | |
   | V | 61 days and over | |

   (Check only one)

   | | |
   |---|---|
   | Petty | |
   | Minor | |
   | Misdem. | |
   | Felony | |

6. Has this case been previously filed in this District Court? (Yes or No)  Yes
   If yes:
   Judge: Moore  Case No. 13-20218-CR-MOORE
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  Yes
   If yes:
   Magistrate Case No.  13-2315-Dube
   Related Miscellaneous numbers:
   Defendant(s) in federal custody as of
   Defendant(s) in state custody as of
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes  X No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes  X No

Robin W. Waugh
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 537837

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 13-20218-CR-MOORE(s)

## BOND RECOMMENDATION

DEFENDANT: Vital Frederick

$100,000 10% Bond & 100,000 PSB

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Robin W. Waugh

Last Known Address: _____

What Facility: _____

Agent(s): S/A Donald P. Morin, II
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
Federal Bureau of Investigation

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** VITAL FREDERICK

**Case No:** 13-20218-CR-MOORE(s)

Counts #: 1 - 4

Interference with Commerce by extortion

Hobbs Act Violation Under Color of Official Right / 18 U.S.C. 1951(a)

*  **Max. Penalty:** 20 years' imprisonment, 3 years supervised release, $250,000 fine.

Count #: 5

Access Device Fraud

Title 18, United States Code, Section 1029(a)(3)

* **Max. Penalty:** 10 years' imprisonment, 3 years supervised release, $250,000 fine.

Counts #: 6 & 7

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)

*  **Max. Penalty:** 2 years' imprisonment mandatory minimum consecutive to underlying offense of conviction

Count #:

* **Max. Penalty:**

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.